**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSHUA BATISTA,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON NEW JERSEY INC., *et al.*,<br><br>Defendants. | Civil Action No. 26-7492 (JXN)(CF)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Joshua Batista's ("Plaintiff") Complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-3.) The Court has reviewed Plaintiff's IFP Application and screened the Complaint *sua sponte* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's IFP Application is **DENIED** and the Complaint is **DISMISSED** *without prejudice*.

## I. BACKGROUND[1]

This case arises from a billing dispute between Verizon,[2] an internet provider, and Plaintiff, a customer. Plaintiff has subscribed to Verizon Fios home internet since May 2020. (*See* Compl. ¶ 11, ECF No. 1.) Beginning in 2023, Plaintiff filed sixteen billing complaints with Verizon's Executive Office. (*Id.* ¶ 22.) Plaintiff demanded Verizon produce a "full, complete, GAAP-compliant, IRS Publication 583 double-entry accrual basis account-level accounting." (*Id.* ¶ 21.)

[1] The following facts have been derived from the complaint, and the exhibits attached thereto, and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g., Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[2] Verizon collectively refers to Defendants Verizon, New Jersey Inc. ("Verizon NJ") and Verizon Online, LLC ("Verizon Online").

Amid the dispute, Verizon "suspended or interrupted" Plaintiff's internet service around twenty-five times. (*Id.* ¶ 25.)

In July 2025, Plaintiff commenced arbitration against Verizon NJ over the billing dispute. (*Id.* ¶¶ 28–30.) The arbitrator dismissed Plaintiff's claims in January 2026. (*Id.* ¶ 34.) But, in Plaintiff's telling, the arbitrator "did not adjudicate" Verizon's "later post-arbitration conduct." (*Id.* ¶ 37.)

According to Plaintiff, Verizon "did not undertake meaningful efforts to resolve the underlying billing dispute" following arbitration. (*Id.* ¶ 61.) Plaintiff continued making accounting demands and filing complaints with Verizon. (*Id.* ¶ 63.) The dispute escalated, and on June 2, 2026, Verizon threatened to suspend Plaintiff's Fios account unless he paid $932.25 in outstanding charges within ten days. (*Id.* ¶¶ 67–69.)

Three days later, Plaintiff filed a complaint with the Federal Communications Commission ("FCC"). (*Id.* ¶ 72.) In response to the FCC complaint, Verizon stated it "conducted a 'thorough investigation,' performed an 'exhaustive review' of financial and system records, and 'completed' an internal audit allegedly proving that the account balance was 'accurate.'" (*Id.* ¶ 73.) Despite the FCC complaint, Verizon shut off Plaintiff's internet on June 15, 2026. (*Id.* ¶ 78.) It is unclear whether the FCC resolved Plaintiff's complaint.

Plaintiff sued Verizon on June 22, 2026. (*See generally id.*) The Complaint includes claims for (1) declaratory judgment, under 28 U.S.C. §§ 2201–02 ("Count I"); (2) equitable accounting ("Count II"); (3) breach of contract ("Count III"); (4) breach of the implied covenant of good faith and fair dealing ("Count IV"); (5) violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1, *et seq.* ("Count V"); (6) unjust and unreasonable practices under the Communications Act, 47 U.S.C. §§ 201(b), 206, and 207 ("Count VI"); (7) unjust enrichment

("Count VII"); and (8) injunctive relief ("Count VIII"). Plaintiff also applied to proceed IFP. (*See* IFP Appl., ECF No. 1-3.)

## II. **LEGAL STANDARD**

Under 28 U.S.C § 1915, a plaintiff may proceed with a civil action IFP without paying the court filing fee. The IFP statute requires that a plaintiff seeking IFP status submit a complete financial affidavit to demonstrate financial need. 28 U.S.C. § 1915(a). *See Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024). The Court must assess the financial affidavit to determine whether the plaintiff may proceed IFP. 28 U.S.C. §1915(a). Plaintiff's application must "state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Archie v. Mercer Cnty. Courthouse*, No. 23-3552, 2023 WL 5207833, at *1 (D.N.J. Aug. 14, 2023) (citation omitted).

The Court must also decide *sua sponte* whether the Complaint should be dismissed. 28 U.S.C. § 1915(e). The Court must dismiss an IFP complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To survive screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however,

this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

## III. DISCUSSION

### A. The Court Denies the IFP Application

The IFP Statute, 28 U.S.C. § 1915, ensures "indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The ability to proceed IFP is a privilege, not a constitutional right. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316 (3d Cir. 2001). A litigant wishing to proceed IFP to submit "in good faith an affidavit stating, *inter alia*, that he is unable to pay the costs of the lawsuit." *Neitzke*, 490 U.S. at 324. Without "the required affidavit of poverty identifying all of his assets and a declaration that he was unable to pay the required fees," the Court cannot "properly determine [a litigant's] current eligibility to proceed without prepayment of the fees." *Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011).

Plaintiff filed a two-page short-form IFP application. (*See* IFP Appl.) He did not submit the required long form application. "This renders his IFP application deficient." *Palumbo v. New Jersey*, No. 25-15208, 2025 WL 3718765, at *2 (D.N.J. Dec. 23, 2025); *see also Perez v. New Jersey*, No. 26-6887, 2026 WL 2018556 at *2 (D.N.J. July 13, 2026) (denying short form IFP application as deficient).

Plaintiff, moreover, does not provide enough information to determine his financial eligibility. Plaintiff states he has no income or expenses. (*See* IFP Appl.) But he offers no explanation for "how he subsists without paying any [of these] expenses." *Gray v. GT Auto Sales*,

No. 25-5982, 2026 WL 63483, at *1 (D.N.J. Jan. 8, 2026) (alteration in original) (citation omitted). "A litigant seeking IFP status cannot claim indigency by merely marking zeros across the board in an IFP application." *Id.* at *2. Because this is effectively what Plaintiff does, the Court cannot determine whether he may proceed IFP. Accordingly, Plaintiff's IFP Application is **DENIED**.[3]

### B. The Court Dismisses the Complaint

#### *i. Plaintiff Fails to State a Communications Act Claim*

Plaintiff asserts the Court has jurisdiction under 28 U.S.C. § 1331, which allows federal courts to hear matters arising under federal law. (*See* Compl. ¶ 16.) So, the Court begins with Plaintiff's Communications Act claim, the only cause of action arising under federal law.

47 U.S.C. § 201(b) requires a common carrier's "charges, practices, classifications, and regulations" to be "just and reasonable." In turn, § 201(b) makes any "unjust or unreasonable" charge, practice, classification, or regulation illegal. Under § 207, any person damaged by a common carrier's "unjust or unreasonable" practice can file a complaint with the FCC or sue in this Court, but not both.

A practice is not "unjust or unreasonable" simply because a plaintiff says it is. Instead, "the FCC must first determine that a particular type of practice constitutes an 'unjust or unreasonable' practice under § 201(b) before a plaintiff may bring a cause of action under § 207 on the basis of that conduct." *Havens v. Mobex Network Servs., LLC*, 820 F.3d 80, 90 (3d Cir. 2016). Plaintiff has

---

[3] Plaintiff asserts incorrectly that requiring him to pay court fees "is inconsistent with long-standing constitutional principles guaranteeing access to the courts" and further alleges that a plaintiff who "is in their natural capacity is entitled to free access of tribunals for relief". (IFP Appl. at *3.) IFP status is a privilege, not a constitutional right. *See Abdul-Akbar*, 239 F.3d at 316.

not identified a practice Verizon engaged in that the FCC has specifically determined is "unjust or unreasonable" under § 201(b).[4] Accordingly, Plaintiff fails to state a Communications Act claim.

Moreover, under § 207, a plaintiff damaged by an "unjust or unreasonable" practice can file an FCC complaint or a federal lawsuit, but Plaintiff cannot "pursue both such remedies." Here, Plaintiff first filed an FCC complaint about Verizon's response to his billing dispute. (Am. Compl. ¶¶ 72–74.) He cannot pursue the same remedy in federal court. Accordingly, Count VI is **DISMISSED** ***without prejudice***.

### ***ii. The Court has no Other Independent Basis for Jurisdiction***

Federal courts have "limited jurisdiction" and may only hear cases where "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). One of those statutes is 28 U.S.C. § 1331, which confers jurisdiction over cases arising under the Constitution or federal law. A case arises under federal law if "the face of the plaintiff's properly pleaded complaint" presents a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Here, none of Plaintiff's remaining claims present a federal question. As for Count I, "[t]he Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, does not independently grant subject-matter jurisdiction." *Temple Univ. Hosp., Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 2 F.4th 121, 132 (3d Cir. 2021). Counts II through V, and VII arise under state law. And Count VIII's request for injunctive relief plainly does not implicate any federal law. Accordingly, § 1331 does not independently confer jurisdiction over Plaintiff's remaining claims.

---

[4] At most, Plaintiff argues the FCC reclassified broadband internet access as "essential infrastructure." (*See* Compl. ¶ 138.) This does not make Verizon's conduct "unjust or unreasonable." "Nothing in the [Communications Act] implies that violations of all FCC regulations amount to unjust or unreasonable practices." *Havens*, 820 F.3d at 90.

Another possible basis for jurisdiction is 28 U.S.C. § 1332(a), which empowers federal courts to hear actions between citizens of different states where the amount in controversy is more than $75,000. Under § 1332(a), no plaintiff can be a citizen of the same state as any defendant. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). The rules for citizenship are "well established." *Id.* A person is a citizen of the state where they are domiciled. *Id.* A corporation is a citizen "both of the state where it is incorporated and of the state where it has its principal place of business." *Id.* Here, Plaintiff is a New Jersey resident. (Compl. ¶ 11.) Verizon NJ is a New Jersey corporation. (*Id.* ¶ 13.) So, the parties are not completely diverse, and jurisdiction does not lie under § 1332(a).

The Court, lacking any discernable independent basis for jurisdiction, turns to whether it will exercise supplemental jurisdiction over Plaintiff's remaining claims.

### *iii. The Court Declines to Exercise Supplemental Jurisdiction*

If the Court has jurisdiction over one claim, it has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But the Court may "decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Court "should not retain supplemental jurisdiction over any remaining state-law claims 'unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Sarpolis v. Tereshko*, 625 F. App'x 594, 599 (3d Cir. 2016) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)).

Here, efficiency, convenience, and fairness do not justify retaining Plaintiff's state law claims. This case has not moved past the pleading stage. *Barraclough v. Animal Friends, Inc.*, No. 23-3157, 2024 WL 4867068, at *3 (3d Cir. Nov. 22, 2024) (affirming refusal to exercise

supplemental jurisdiction where case was in "initial stages."). And Plaintiff can raise his claims in state court. *Hedges*, 204 F.3d at 123–24 (affirming refusal to exercise supplemental jurisdiction where claims were "not time-barred at the time the District Court dismissed them."). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's IFP application (ECF No. 1-3) is **DENIED** and the Complaint (ECF No. 1) is **DISMISSED *without prejudice***. Plaintiff shall have thirty (30) days to file an amended IFP application and complaint addressing the deficiencies identified herein. Otherwise, dismissal may be with prejudice. An appropriate Order accompanies this Opinion.

**DATED: 11/12/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**